

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BRAD MATHEW GOODSPEED, | ) | |
| | ) | No. 41114-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENTON ALLEN GARTRELL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

HILL, J. — This appeal arises out of a dispute between a property owner, Kenton Gartrell, and a tenant, Brad Goodspeed. Because of the dispute, Goodspeed filed a petition for a temporary protection order against Gartrell, which the superior court granted. The court denied the petition at the conclusion of the hearing for a full order. Goodspeed appeals this decision.

We decline review for the reasons listed below.

BACKGROUND

Goodspeed and his girlfriend rented a space to live and to house their exotic cats on Gartrell's property in Wapato, Washington. The couple resided in an Airstream and their cats lived in an RV. Gartrell began unplugging Goodspeed's RV hookup due to

power usage issues among the tenants on the property. Goodspeed would reconnect the power only for Gartrell to take measures to unplug it again. This escalated to allegations of property damage and limiting access to the property.

On January 31, 2025, Goodspeed filed a petition for an antiharassment protection order against Gartrell. The superior court granted Goodspeed a temporary antiharassment protection order. The order provided that Gartrell was to "not impair access or disconnect or tamper with utility usage by [Goodspeed]." Clerk's Papers at 41.

The hearing on Goodspeed's petition occurred on February 27, 2025. The court entered an order denying the petition at the conclusion of the hearing.

Goodspeed appeals.

ANALYSIS

Goodspeed argues the trial court erred in denying his petition for a full protection order against Gartrell. This court reviews a trial court's decision on a petition for a protection order for an abuse of discretion. *In re Marriage of Freeman*, 169 Wn.2d 664, 671, 239 P.3d 557 (2010).

Under RAP 10.3(a)(6), appellants must support their arguments with citation to relevant parts of the record and to legal authority. This court routinely declines to consider arguments that are entirely unsupported by such authority. *Helmbreck v. McPhee*, 15 Wn. App. 2d 41, 68, 476 P.3d 589 (2020); *Johnson v. Lake Cushman Maint. Co.*, 5 Wn. App. 2d 765, 782, 425 P.3d 560 (2018); *Norcon Builders, LLC v. GMP*

No. 41114-1-III
*Goodspeed v. Gartrell*

*Homes VG, LLC*, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).  Because Goodspeed's

brief does not contain any legal authority except for a single reference to a statute, we

decline to review his appeal.

CONCLUSION

Because Goodspeed fails to cite legal authority to support his argument on appeal,

in violation of RAP 10.3(6), we decline to consider his appeal.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Hill, J.

WE CONCUR:

_____
Staab, C.J.

_____
Cooney, J.